NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
AMY E. POMERANTZ (Cal. Bar No. 275691)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0730
     Facsimile: (213) 894-0141
     E-mail:    amy.pomerantz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. ED CR 17-00100-RGK |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ALAN BRUCE PICHEL |
| v. | |
| ALAN BRUCE PICHEL | |
| Defendant. | |

1.   This constitutes the conditional plea agreement between ALAN BRUCE PICHEL ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case pursuant to Federal Rule of Criminal Procedure 11(a)(2). This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

   a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the



indictment in <u>United States v. Alan Bruce Pichel</u>, 5:17-CR-100-RGK, which charges defendant with Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1).

       b.   Not contest facts agreed to in this agreement.

       c.   Abide by all agreements regarding sentencing contained in this agreement.

       d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

       g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

3.   Defendant and the USAO agree that defendant's entry of a guilty plea pursuant to paragraph 2(a) above will be conditional, in that defendant reserves the right, on appeal from the judgment, to seek review of the adverse determination of defendant's Motion to Dismiss Indictment, CR No. 49.  If defendant prevails on appeal, defendant will be allowed to withdraw defendant's guilty plea.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

       a.   Not contest facts agreed to in this agreement.

      b. Abide by all agreements regarding sentencing contained in this agreement.

      c. At the time of sentencing, move to dismiss the remaining count of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

      d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

      e. Not seek a sentence of imprisonment above the high end of, and make no recommendation as to the point within the applicable Sentencing Guidelines range at which a term of imprisonment should be selected.

## NATURE OF THE OFFENSE

5. Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, felon in possession of firearm or ammunition, in violation of Title 18, United States Code, Section 922(g)(1), the following must be true:

      a. Defendant knowingly possessed a firearm or ammunition;

      b. The firearm or ammunition had been transported from one state to another or between a foreign nation and the United States; and

   c. At the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

<u>PENALTIES</u>

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(g)(1), is: 10 years of imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation,

parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about February 19, 2017, in San Bernardino County, within the Central District of California, defendant knowingly possessed ammunition, namely, approximately 1000 rounds of 9 mm caliber ammunition manufactured by Tula Cartridge Works and Speer, in and affecting interstate and foreign commerce.

Such possession occurred after defendant had been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Felony Vandalism, in violation of California Penal Code Section 594(b)(1), in the Superior Court of the State of California, County of San Bernardino, case number FVI021885, on or about August 12, 2005.

In addition, on or about February 19, 2017, in San Bernardino County, within the Central District of California, defendant knowingly possessed at a residence located in Victorville, California, the following firearms, each of which was manufactured outside the State of California and had, prior to February 19, 2017, traveled in and affected interstate commerce:

    a. A Ruger, model 10/22, .22 caliber rifle, bearing serial number 11841256;

    b. A Harrington & Richardson, model 490, 20-gauge shotgun, bearing serial number AM338161;

    c. A Ruger, Mini 14, .223 caliber rifle, bearing serial number 18061810;

    d. A Remington, model 870, 12-gauge shotgun, bearing serial number 1187975V;

    e. A Remington, model 770, .30-06 caliber rifle, bearing serial number 71431311;

    f. A Ruger, model 10/22, .22 caliber rifle, bearing serial number 25884950;

    g. A Springfield, model 83, .22 caliber rifle, bearing no visible serial number;

    h. A Sig Sauer, model 522, .22 caliber rifle, bearing serial number 32AO14833;

    i. A Ruger, model SP101, .357 magnum caliber revolver, bearing serial number 57327790;

    j. A Smith and Wesson, .38 Special caliber revolver, bearing serial number BRH1162;

 Such possession occurred after defendant had been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Felony Vandalism, in violation of California Penal Code Section 594(b)(1), in the Superior Court of the State of California, County of San Bernardino, case number FVI021885, on or about August 12, 2005.

SENTENCING FACTORS

 11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

 12. Defendant and the USAO have no agreement as to the appropriate sentence or the applicable Sentencing Guidelines factors. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history score and

7

category, base offense level, specific offense characteristics, adjustments, departures, and variances.

## WAIVER OF CONSTITUTIONAL RIGHTS

13. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel – and if necessary have the court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

14. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, or an appeal on the grounds specifically reserved in paragraph 3 above, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

15. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

16. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

17. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

18. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

   c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

 19. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

 20. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement,

this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

21. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

22. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///
///
///
///

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

23. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

*/s/ Amy E. Pomerantz*  1/29/18
AMY E. POMERANTZ          Date
Assistant United States Attorney

_____  _____
ALAN BRUCE PICHEL          Date
Defendant

*/s/ Deborah E. Gonzalez*  1/29/18
DEBORAH E. GONZALEZ       Date
Attorney for Defendant ALAN BRUCE
PICHEL

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

23. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

_____     _____
AMY E. POMERANTZ                 Date
Assistant United States Attorney

*/s/ Alan Pichel*                 1/29/18
_____     _____
ALAN BRUCE PICHEL                Date
Defendant

_____     _____
DEBORAH E. GONZALEZ              Date
Attorney for Defendant ALAN BRUCE
PICHEL

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____   1/29/18
ALAN BRUCE PICHEL            Date
Defendant

14

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ALAN BRUCE PICHEL's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____     1/29/18
DEBORAH E. GONZALEZ                 Date
Attorney for Defendant ALAN BRUCE
PICHEL