NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
AMY E. POMERANTZ (Cal. Bar No. 275691)
Assistant United States Attorney
General Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0730
    Facsimile: (213) 894-0141
    E-mail:   amy.pomerantz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. ED CR 17-00100-RGK |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: June 11, 2018 |
| ALAN BRUCE PICHEL, | Hearing Time: 1:30 p.m.<br>Location:   Courtroom of the Hon. R. Gary Klausner |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Amy E. Pomerantz, hereby files its sentencing position.

    This sentencing position is based upon the attached memorandum

///

///

///

of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 30, 2018				Respectfully submitted,

						NICOLA T. HANNA
						United States Attorney

						LAWRENCE S. MIDDLETON
						Assistant United States Attorney
						Chief, Criminal Division


						      /s/
						AMY E. POMERANTZ
						Assistant United States Attorney

						Attorneys for Plaintiff
						UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Upon his plea of guilty, defendant was convicted of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  (CR 67.)

On April 17, 2018, the United States Probation Office ("USPO") filed its Presentence Investigation Report ("PSR") in this matter. (CR 69.)  As detailed in the PSR, the USPO has determined that the total offense level under the United States Sentencing Guidelines ("USSG") applicable to defendant's conviction is 15; that defendant's criminal history places him within criminal history category I; and that the applicable USSG range of imprisonment is therefore 18-24 months.  The government does not object to the USPO's calculations of defendant's total offense level or criminal history category.

Consistent with the plea agreement between the parties, the government recommends that defendant be sentenced to a term of imprisonment within the applicable guidelines range, as determined by the Court.  The government believes the applicable guidelines range is 18-24 months, as calculated by the USPO.  The government further recommends that defendant's term of imprisonment be followed by a term of supervised release within the guidelines range of one to three years, and that defendant be ordered to pay the mandatory special assessment of $100.

**II.   STATEMENT OF FACTS**

On or about February 19, 2017, defendant was observed purchasing 1,000 rounds of 9mm caliber ammunition at the San Bernardino County Fair Grounds.  (PSR ¶ 10.)  Law enforcement approached defendant and recovered the ammunition, as well as six detachable standard capacity

magazines from his vehicle. (PSR ¶ 11.) Later the same day, a search warrant was executed at defendant's residence, resulting in the recovery of numerous firearms and ammunition, as described in the plea agreement and PSR. (See PSR ¶¶ 12-14.)

Because defendant previously had been convicted of a felony crime punishable by a term of imprisonment exceeding one year, he was charged in this case with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g).[1]

**III. THE PRESENTENCE REPORT**

The USPO calculated defendant's Sentencing Guidelines Offense Level as follows:

| | | |
|---|---|---|
| Base Offense Level: | 14 | U.S.S.G. § 2K2.1(a) |
| Special Offense Characteristics [8-24 firearms]: | +4 | U.S.S.G. § 2K2.1(b)(1) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level: | 15 | |

(PSR ¶¶ 26-41.) The government does not object to the USPO's calculation of defendant's total offense level. Nor does the government object to the USPO's calculation of defendant's criminal history category, which it determined to be criminal history category I. (PSR ¶ 49.)

---

[1] Although defendant was initially charged with possession of machine guns in violation of 18 U.S.C. § 922(o), the government did not oppose defendant's motion to dismiss that charge. Accordingly, the USPO "has not concluded that the lower receivers [as charged in Counts 2 and 3 of the Indictment], are considered machineguns/firearms under 18 U.S.C. §922(o), 26 U.S.C. § 5845(b), or 18 U.S.C. § 921(a)(3)," and therefore the government is not seeking any additional enhancements on this basis. (PSR ¶ 26 n.6.)

2

According to the PSR, defense counsel submitted a memorandum to the USPO advocating for a six-level reduction in offense level on grounds that the firearms were used exclusively for "lawful sporting purposes or collection," within the meaning of U.S.S.G. § 2K2.1(b)(2).[2]  (PSR ¶ 30.)  The USPO, however, rejected defendant's analysis and concluded that a six-level reduction under U.S.S.G. § 2K2.1(b)(2) does not apply in this case.  (PSR ¶¶ 31-33.)  The government agrees with the USPO's finding.

**IV.   THE GOVERNMENT'S SENTENCING POSITION**

The government recommends that the Court sentence defendant to a term of imprisonment within the applicable guidelines range, as determined by the Court; a term of supervised release between one and three years; and a mandatory special assessment of $100.  The government agrees with the USPO that the applicable guideline range is 18-24 months, and makes no recommendation as to the point within the applicable guidelines range at which a term of imprisonment should be selected.  A within-guidelines sentence appropriately reflects the nature and circumstances of the offense, as well as the history and characteristics of the defendant.  18 U.S.C. § 3553(a)(1).  Such a sentence would also be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

**V.    CONCLUSION**

For the foregoing reasons, a term of imprisonment within the guidelines range determined by the Court; followed by a period of supervised release between one and three years; and a mandatory

---

[2] Defense counsel did not provide a copy of this memorandum to the government.

3

special assessment of $100, would be sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).  The government respectfully requests that the Court sentence defendant accordingly.